UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RHETT IBARRA<br>*Plaintiff,*<br><br>v.<br><br>ALLSTATE FIRE AND CASUALTY<br>INSURANCE COMPANY<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAUSE NO. **1:20-cv-246** |

## DEFENDANT ALLSTATE FIRE AND CASAULTY INSURNACE COMPANY'S NOTICE OF REMOVAL

Defendant, Allstate Fire and Casualty Insurance Company, hereby removes this lawsuit, which is currently pending in the 407th Judicial District Court of Bexar County, Texas, Cause No. 2020C102837, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, on the grounds of diversity of citizenship, and would respectfully show the Court as follows:

### BACKGROUND

1. On or about December 18, 2018, Plaintiff was involved in a motor vehicle collision (the "Collision") in which he has alleged that an underinsured driver, Joel Saucedo, who was operating a motor vehicle, caused him serious bodily injury.[1]

2. On February 10, 2020, Plaintiff filed his Original Petition styled *Rhett Ibarra v. Allstate Fire and Casualty Insurance Company,* in which Plaintiff alleges a claim for uninsured

---

[1] *See* <u>Exhibit A</u>, Plaintiff's Original Petition, V. Facts. Plaintiff did not number his paragraphs in his Original Petition.

{00581998}

motorist benefits from the Defendant.[2] The alleged tortfeasor, Joel Saucedo, is not a party to this lawsuit.

3.  Plaintiff served Defendant with Plaintiff's Original Petition, Jury Demand, Rule 193.7 Notice, and Requests for Disclosure and process on February 12, 2020, by certified mail on its registered agent.[3]

4.  Plaintiff's alleged damages include past and ongoing medical expenses, loss of earning capacity, physical pain, physical impairment, disfigurement, mental anguish, exemplary damages, treble damages, attorneys' fees, and costs of court.[4]

5.  Plaintiff asserted a cause of action to recover for damages under an uninsured motorist policy issued by Defendant.[5] Plaintiff affirmatively pleads for damages in excess of $100, 000 but not to exceed $200,000.[6] Plaintiff also pleads "in the alternative ... for monetary relief in an amount over $200,000 but not more than $1,000,000."[7]

6.  Plaintiff has demanded a jury trial.[8]

7.  Defendant has not answered the Plaintiff's suit in state court.[9]

---

[2] *See id.*
[3] *See* Exhibit B, Transmittal of Citation, Summons, and Citation. The date on the transmittal of citation—February 18, 2020—is incorrect. Defendant was served on February 12, 2020, by certified mail to its registered agent, as is indicated in the Citation.
[4] Plaintiff's Original Petition, IX. Personal Injury Damages, X. DTPA Damages, XI. Insurance Code Damages, and XII. Attorney's Fees.
[5] Plaintiff's Original Petition, V. Facts.
[6] *See* Plaintiff's Original Petition, II. Claim for Relief.
[7] *See id.*
[8] *See* the heading on page 1 of Plaintiff's Original Petition and Exhibit C, State Court Docket, showing that Plaintiff paid the jury filing fee on February 10, 2020.
[9] *See* Exhibit C, State Court Docket.

**GROUNDS FOR REMOVAL**

8. This Court has original jurisdiction of this suit based on 28 U.S.C. §§ 1332(a), 1441, and 1446 because this suit involves a controversy between citizens of different states, and the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

### A. Parties are Diverse

9. Plaintiff is a natural person who asserts that he is a resident of Texas in his Original Petition, thus demonstrating that Plaintiff is domiciled in the state of Texas.[10] Plaintiff has not plead or alleged citizenship of any state other than Texas. Based upon the law and evidence, Plaintiff is a citizen of Texas.[11]

10. Defendant Allstate is incorporated under the laws of the state of Illinois and maintains its principle place of business in Cook County, Illinois, located at 2775 Sanders Road, Northbrook, Illinois 60062. Defendant is thus a citizen of Illinois.[12]

### B. Amount in Controversy

11. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[13] The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[14]

---

[10] *See* Plaintiff's Original Petition, III. Parties.
[11] *Quebe v. Ford Motor Co.*, 908 F. Supp. 446, 449 (W.D. Tex. 1995), citing *Lundquist v. Precision Valley Aviation, Inc.,* 946 F.2d 8, 10 (1st Cir.1991) ("When a party is a person, citizenship is determined by where the party is domiciled.").
[12] 28 U.S.C. §1332 (c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…."); *and,* Quebe, 908 F. Supp. at 449 (citing *Milstead Supply Co. v. Casualty Ins. Co*., 797 F. Supp. 569, 571 (W.D.Tex.1992)) ("When a party is a corporation, citizenship is determined by where the corporation is incorporated and the location of the corporation's principal place of business").
[13] *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).
[14] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

12. Here, it is facially apparent from Plaintiff's petition that the claim exceeds $75,000.00. Specifically, Plaintiff alleges that he "seeks recovery of over $100,000 but not more than $200,000" or "[i]n the alternative, [he] … seeks recovery of damages for monetary relief in an amount over $200,000 but not more than $1,000,000."[15]

13. Based upon the foregoing, and on the face of Plaintiff's Original Petition, the amount in controversy exceeds $75,000.00.

## REMOVAL IS PROCEDURALLY PROPER

14. This notice of removal is timely filed within thirty (30) after service of process upon Defendant.[16]

15. Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.[17]

16. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached herein as Exhibit A, Exhibit B, and Exhibit C.

17. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the District Clerk of Bexar County.

## PRAYER FOR RELIEF

18. Defendant, Allstate Fire and Casualty Insurance Company, prays that the Court accept jurisdiction over the state court action for the reasons set forth above, and grant any such other and further relief to which it may show itself justly entitled.

---

[15] *See* Plaintiff's Original Petition, II. Claim for Relief.
[16] *See* 28 U.S.C. §1446 (b)(1), and Exhibit B, Citation, which is correctly dated February 12, 2020.
[17] *See* Exhibit A – Exhibit C.

Respectfully submitted,

**VALDEZ & TREVIÑO,**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

By: /s/ Michael M. Novak
**Robert E. Valdez**
State Bar No.20428100
revaldez@valdeztrevino.com
**Michael M. Novak**
State Bar No. 24092905
mnovak@valdeztrevino.com
*Counsel for Defendant Allstate Fire and Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 6th day of March 2020, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via email and via e-service in the state court proceeding:

> Paul L. Sadler
> Crystal S. Sadler
> SADLER AND SADLER
> OF COUNSEL WITH CARABIN & SHAW, P.C.
> 8100 Broadway, Suite 200
> San Antonio, Texas 78209
> *Counsel for Plaintiff*

       /s/ Michael M. Novak
    **Michael M. Novak**