UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**RHETT IBARRA**

 *Plaintiff*,

v.            No. SA:20-CV-00280-JKP

**ALLSTATE FIRE and CASUALTY IN-
SURANCE COMPANY**

 *Defendant*.

## MEMORANDUM OPINION AND ORDER

  Before the Court is Defendant Allstate Fire and Casualty Insurance Company's (Allstate) Motion to Dismiss filed under Federal Rule of Civil Procedure 12(b)(6). *ECF No. 2*. Upon consideration of Allstate's motion, Ibarra's response and First Amended Complaint and Allstate's Reply, the Court concludes Allstate's Motion to Dismiss is DENIED. *ECF Nos. 2,5,6,7.* However, Ibarra's breach of contract cause of action is DISMISSED for lack of subject matter jurisdiction. This action will proceed on Ibarra's request for declaratory relief asserted under the Federal Declaratory Judgment Act.

### Background

  This case arises from Ibarra's claim from Allstate for receipt of underinsured motorist benefits under an insurance contract. In the First Amended Complaint, Ibarra asserts he was involved in a motor vehicle accident in which an underinsured driver, Joel Saucedo, caused him serious bodily injury arising from negligence. *Id*. Ibarra alleges he is insured under an automobile policy with Allstate that provides underinsured motorist ("UIM") coverage; however, when he submitted a claim for UIM benefits under the insurance policy, Allstate refused payment.

Ibarra initially asserted causes of action of breach of contract, breach of good faith and fair dealing, negligence, negligence per se, violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code and sought declaratory relief under the Texas Declaratory Judgment Act. Allstate filed this Motion to Dismiss all of Ibarra's causes of action. Ibarra amended the complaint and now asserts a cause of action for breach of contract based on the alleged failure to pay UIM benefits and, alternatively, seeks relief under the Federal Declaratory Judgment Act for declaration "to establish the amount he is legally entitled to recover under the underinsured policy provision of the policy. . . ." *ECF No. 5, First Amended Complaint*.

In its Motion to Dismiss, Allstate argues Ibarra's breach of contract cause of action must be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Based upon Ibarra's interim amendment of the Complaint, this Court will address argument in Allstate's Motion to Dismiss pertaining only to the breach of contract cause of action, as well as argument presented in its Reply. *See ECF No. 2, pp. 3-8 and ECF No. 7*.

**Argument**

Allstate asserts Ibarra fails to plead facts sufficient to establish his legal entitlement to recover UIM benefits coverage under the insurance contract. Citing *Brainard v. Trinity Universal Insurance Co.*, Allstate contends it has no contractual duty to pay UIM benefits until Ibarra obtains a judgment establishing Saucedo's liability and the underinsured status. *See Brainard v. Trinity Universal Insurance Co.,* 216 S.W.3d 809, 818 (Tex. 2006). Because Ibarra has not obtained such a judgment determining liability and damages, if any, the breach of contract cause of action must be dismissed for failure to state a claim as a matter of law. Allstate concedes the proper method to obtain the prerequisite judgment establishing liability and damages is Ibarra's alternative request for declaratory relief under the Federal Declaratory Judgment Act.

Ibarra responds that a judgment establishing legal liability and damages is not the exclusive trigger for UIM coverage. Ibarra argues established Texas case law, specifically *In re Koehn*, 86 S.W.3d 363, 368 (Tex. App - Texarkana, 2002), succinctly state the scenarios under which an insured may establish coverage utilizing a breach of contract cause of action against the insurer as:

> An insured seeking the benefits of [UIM] coverage may 1) sue the insurance company directly without suing the uninsured/underinsured motorist; 2) sue the uninsured/underinsured motorist with the written consent of the insurance company, making the judgment binding against the insurance company; or 3) sue the uninsured/underinsured motorist without the written consent of the insurance company and the litigate the issue of liability and damages.

Following these principles, Ibarra argues *Brainard* and *Koehn* allow an insured to proceed to trial against an insurer on a breach of contract cause of action and utilize tort law to establish the underlying tortfeasor's liability and consequential damages prompting UIM coverage. Thus, Ibarra contends it is proper to sue Allstate directly under a breach of contract cause of action to determine whether Saucedo was negligent and to determine any consequential damages incurred.

**Analysis**

The state of Texas requires automobile insurance providers to provide "uninsured or underinsured motorist coverage" (UIM) which "protects insureds who are *legally entitled* to recover from owners or operators of uninsured or underinsured motor vehicles. . . ." TEX. INS. CODE § 1952.101(a) (emphasis added). To be legally entitled to recover benefits under a UIM insurance policy, an insured must establish the liability of an uninsured/underinsured motorist and the extent of the damages. *Brainard*, 216 S.W.3d at 818(interpreting prior version of statute); *In re Koehn*, 86 S.W.3d at 367. Thus, UIM coverage, or receipt of benefits, is "conditioned upon the

3

insured's legal entitlement to receive damages from a third party." *Brainard*, 216 S.W.3d at 818; *See In re Koehn*, 86 S.W.3d at 367-368.

The insured's legal entitlement to receive UIM benefits arises upon obtaining a judgment establishing the liability and underinsured status of the alleged tortfeasor. *Brainard*, 216 S.W.3d at 818; *Terry v. Safeco Ins. Co. of Am.*, 930 F. Supp. 2d 702, 709 (S.D. Tex. 2013). Consequently, "the UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment." *Brainard*, 216 S.W.3d at 818; *Terry*, 930 F. Supp. 2d at 709-10; *In re State Farm Mut. Auto. Ins. Co.*, 553 S.W.3d 557, 559 (Tex. App.—San Antonio 2018, no pet.). "Neither requesting UIM benefits nor filing suit against the insurer triggers a contractual duty to pay." *Brainard*, 216 S.W.3d at 818; *Borg v. Metro. Lloyd's of Texas*, W:12-CV-256, 2013 WL 12091651, at *2 (W.D. Tex. Feb. 21, 2013).

To determine the liability of the underlying tortfeasor, the insured may obtain a judgment against the tortfeasor. *Borg*, 2013 WL 12091651, at *2; *Brainard,* 216 S.W. 3d at 818. Alternatively, as Ibarra contends, the insured may litigate UIM coverage with the insurer; however, "due to the unique terms of UM/UIM coverage, . . . the proper vehicle to bring such a claim is through a declaratory judgment action, not a breach of contract claim." *Borg*, 2013 WL 12091651, at *2 (*citing Accardo v. Am. First Lloyds Ins. Co*., CIV.A. H-11-0008, 2012 WL 1576022, at *5 n.3 (S.D. Tex. May 3, 2012)); *see also Cantwell v. Sentry Select Ins. Co.,* SA-18-CA-193-FB, 2019 WL 5455008, at *3 (W.D. Tex. Mar. 22, 2019); *Woods v. Argonaut Midwest Ins. Co*., 6:15-CV-139, 2016 WL 3653518, at *5 (E.D. Tex. Mar. 18, 2016).

Under this established case law, Ibarra's argument must fail. Texas case law does not allow a scenario such as this, in which Ibarra files suit asserting breach of contract against Allstate to determine Saucedo's liability. Texas case law specifically iterates an insurer holds no contrac-

4

tual duty to pay UIM benefits until there is an independent judgment establishing a tortfeasor's liability and the insured's damages. If as here, Ibarra chooses to proceed directly against Allstate as the insurer, rather than Saucedo, he may obtain this prerequisite judgment through a declaratory judgment of liability, not through a breach of contract cause of action utilizing tort law to determine contractual liability.

Ibarra does not assert in the First Amended Complaint that he obtained a judgment establishing Saucedo's liability and any consequential damages incurred. Because Allstate's contractual duty to pay UIM benefits under the policy does not arise until Ibarra obtains such a judgment, Allstate cannot have breached the insurance contract. Therefore, Ibarra's breach of contract cause of action based on Allstate's failure to pay UIM benefits is premature. *Accardo*, 2012 WL 1576022, at *3. This procedural posture prompts this Court's independent obligation to ensure it has subject matter jurisdiction over all claims before it.

"A case or controversy must be ripe for decision, meaning that it must not be premature or speculative." *Shields v. Norton*, 289 F.3d 832, 834-35 (5th Cir. 2002). "Generally, issues are not ripe if 'further factual development is required.'" *Anderson v. Sch. Bd. of Madison Cnty.*, 517 F.3d 292, 296 (5th Cir. 2008). "If the purported injury is contingent on future events that may not occur as anticipated, or indeed may not occur at all, the claim is not ripe for adjudication." *Lopez v. City of Houston*, 617 F.3d 336, 342 (5th Cir. 2010). Until a claim is ripe, the Court lacks subject matter jurisdiction because it has no power to decide disputes that are not yet justiciable." *Id*. at 341. Thus, when a case is abstract or hypothetical, the court should dismiss for lack of subject matter jurisdiction, rather than failure to state a claim. *Monk v. Huston*, 340 F.3d 279, 282 (5th Cir. 2003).

Ibarra's purported injury is contingent on future events that may not occur as anticipated, or indeed may not occur at all. Until Ibarra litigates Saucedo's liability in this action and obtains a judgment with determination of damages, and until Allstate denies payment of any UIM benefits after such a judgment, any the breach of contract claim is not ripe. Here, Allstate moved for dismissal for failure to state a claim under 12(b)(6); however, this Court lacks subject matter jurisdiction to adjudicate the breach of contract cause of action based upon lack of ripeness.

Due to the unique terms of UIM coverage, the proper vehicle to litigate a tortfeasor's liability and any resulting damages directly against the insurer is through a declaratory judgment action, not a breach of contract claim. In its Reply, Allstate concedes "the correct way for [Ibarra] to proceed in this matter is, as [Ibarra] has pleaded in the alternative, under the Federal Declaratory Judgment Act." Therefore, Ibarra's request for declaratory relief is the only live cause.

## Conclusion

The breach of contract cause of action is dismissed without prejudice for lack of subject matter jurisdiction. Ibarra already asserts a mechanism to determine any entitlement to UIM benefits, a request for declaratory relief. Thus, this action will proceed on Ibarra's request for declaratory relief under the Federal Declaratory Judgment Act.

It is so ORDERED.
SIGNED this 16th day of June, 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE