UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**RHETT IBARRA,**

*Plaintiff*,

v.  Case No. SA-20-CV-00280-JKP

**ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,**

*Defendant*.

# O R D E R

Before the Court is Defendant Allstate Fire and Casualty Insurance Company's (Allstate) appeal of Magistrate Judge Farrer's Text Order denying its Motion to Exclude Testimony of Stephen Earle, M.D. and Text Order denying its Motion to Strike Dr. Earle's Medical Records and Affidavit. *See ECF Nos. 31, 35, and Text Orders denying each.* Upon consideration, this Court AFFIRMS Magistrate Judge Farrer's Text Orders.

## I.  Authority of Magistrate Judge and Standard of Review

The subject Text Orders issued by Magistrate Judge Farrer disposed of non-dispositive motions. This district judge may review and reconsider any non-dispositive pretrial matter decided by a magistrate judge when a party shows "the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As further guidance to a district judge's review of a magistrate judge's non-dispositive pretrial order, Federal Rule 72(a) mandates the district judge "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Federal Rule 72(a) and Section 636(b)(1)(A) set out a "highly deferential standard [that] requires the court to affirm the decision of the magistrate judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Baylor Health Care Sys. v. Equitable Plan Servs., Inc.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013)(quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)). Following this established deferential standard, a district judge must apply the clearly-erroneous standard to the factual components of the magistrate judge's decision. *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014); *Baylor Health Care Sys.*, 955 F. Supp. 2d at 689 (internal quotation omitted). The district court may not disturb a magistrate judge's factual finding unless, after review of all evidence supporting the decision, it is left with the definite and firm conviction a mistake was committed. *Baylor Health Care Sys.*, 955 F. Supp. 2d at 689. "If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse the magistrate judge's order based on these factual findings." *Id.* at 689 (internal quotation omitted). The clearly erroneous standard of review does not entitle the reviewing district court to reverse or reconsider the Magistrate Judge's order simply because it would decide the matter differently. *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015); *Gomez v. Ford Motor Co.*, 5:15-CV-866-DAE, 2017 WL 5201797, at *2 (W.D. Tex. Apr. 27, 2017). To the contrary, "the great deference owed to the [magistrate] judge's findings compels the conclusion that [w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Guzman*, 808 F.3d at 1036 (citations and internal quotation marks omitted).

The magistrate judge's legal conclusions are reviewed *de novo*, and the district judge may reverse the magistrate judge's order only if the magistrate judge erred in forming any legal con-

clusion. *Baylor Health Care Sys.*, 955 F. Supp. 2d at 689. "[T]he abuse of discretion standard governs review of that vast area of choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous." *Sparling v. Doyle*, No. EP-13-CV-00323-DCG, 2016 WL 236266, at *2 (W.D. Tex. Jan. 20, 2016).

Consistent with Section 636(b)(1) and Federal Rule 72(a), the Court reviews the subject Text Orders entered by Magistrate Judge Farrer on May 24, 2021, and Allstate's arguments for reversal.

## II. Undisputed Factual Basis

This cause arises from a traffic accident in which Ibarra was injured. Ibarra filed this suit against Allstate seeking underinsured motorist (UIM) benefits pursuant to the parties' insurance contract.

Particular to the matters before this Court, Ibarra saw Dr. Stephen Earle, an orthopedic surgeon, for consultation and treatment of his spinal injuries. At that time, Dr. Earle executed a surgical evaluation recommending Ibarra receive two elective surgeries to repair the subject spinal injuries. In this evaluation, Dr. Earle estimated the cost of these surgeries and stated Ibarra would require two weeks off work to recover.

The parties do not dispute that on June 9, 2020, the parties exchanged initial disclosures pursuant to Federal Rule 26(a). In his initial disclosure, Ibarra designated Dr. Earle as a witness based upon his role as a treating physician and included Dr. Earle's office consultation records and surgical evaluation resulting from Ibarra's office visit. On December 18, 2020, Ibarra filed his Pretrial Disclosure of a Witness List and Expert Designation. *ECF No. 24*. In this filing, Ibarra designated various medical providers who treated his injuries, including Dr. Earle. In the same filing, Ibarra stated, "[t]he following treating physicians may testify as experts pursuant to Fed-

3

eral Rule 702 and although actual medical records have been provided, in accordance with Federal Rule 26(a)(2)(C)(i)(ii) the subject matter of each witness is as follows:". Under this designation, Ibarra also listed Dr. Earle, stating he,

> [w]ill testify concerning Rhett Ibarra's care for injuries including, but not limited to Plaintiff's complaints of injuries to his neck and back caused by the motor vehicle collision made the basis of this lawsuit. Will further testify to his diagnosis of traumatic internal disc disruption syndrome with discogenic pain, stenosis, and instability of the cervical spine C3-C4, C4-C5, C5-C6, and C6-C7 as well as traumatic internal disc disruption syndrome with discogenic pain, stenosis, and instability of the lumbar spine L2-L3, L3-L4, L4-L5, and L5-S1. He will also testify as to the estimated charges related to the repair of Rhett Ibarra's cervical spine at a cost of $140,000 and lumbar spine at a cost of $190,000. Neither of the these surgical cost estimates include loss of future earning capacity for the approximate fourteen (14) weeks that Plaintiff will be recuperating from said surgeries. Will also testify that the services rendered for the care and treatment of Plaintiff Rhett Ibarra was reasonable and necessary and that the charges for those services rendered in that County were usual and customary.

*ECF No. 24, p. 7.*

Subsequently, Allstate filed the instant "Rule 26(a)(2)(B)-(C) and *Daubert* Motion to Exclude and/or Limit Testimony of Stephen Earle, M.D." (Motion to Exclude). *ECF No. 31*. Ibarra responded, attaching to the response Dr. Earle's medical records pertaining to Ibarra, affidavit, and CV. Allstate then filed the instant "Motion to Strike Dr. Earle's Medical Records and Affidavit" (Motion to Strike). *ECF No. 35*.

Magistrate Judge Farrer held a hearing on the two motions. At the hearing, the parties informed Judge Farrer that Dr. Earle had not been deposed. Allstate stated it did not intend to notice Dr. Earle's deposition, stating, "it's our position that this -- Dr. Earle is under the control of plaintiff at this point in time as a retained physician."

In the Motion to Exclude, Allstate argues Dr. Earle is actually an expert witness, not a testifying, retained physician, and should be regarded by the Court as an expert witness because he spent only 45 minutes with Ibarra in 1 appointment, and he testified numerous times in other

4

cases as an expert witness. Following this premise, Allstate contends Dr. Earle must be excluded as an expert witness under Federal Rule 26(a)(2)(B)-(C) and *Daubert* because Ibarra did not timely submit an expert report. Further, Allstate argues Dr. Earle's expert-witness testimony must be excluded because his expert opinion regarding Ibarra's cause of injuries, recommended surgeries, and expense of surgeries are unreliable, as they are based upon insufficient facts and unacceptable standards in the medical field, and Dr. Earle lacks the specialized knowledge to opine on the medical costs of treatment.

At the hearing, counsel for Allstate limited the Motion to Strike to Dr. Earle's affidavit and CV. With regard to the Motion to Strike, Allstate based its arguments on the same premise that Dr. Earle should be regarded as an expert witness. Allstate contended Dr. Earle's affidavit and CV attached to Ibarra's response to the Motion to Exclude must be stricken, as this was the first time Ibarra provided this information and the Scheduling Order deadline for designation of expert witnesses had passed.

Following argument from both parties, Magistrate Judge Farrer denied both motions. With regard to the Motion to Exclude, Judge Farrer stated Allstate failed to develop its argument that Dr. Earle should be classified as an expert witness, not a treating-physician witness. Allstate failed to present sufficient basis in the record to support a ruling to exclude Dr. Earle's testimony on the basis he is an unqualified expert witness under *Daubert*. Judge Farrer further stated, "with respect to just the traditional *Daubert* arguments here, . . . the arguments offered are ones that go to the weight, not the admissibility. . . . But it's tough to understand how the Court could make an informed decision about excluding an expert . . . in a sort of traditional *Daubert* setting, when there hasn't been a report and there hasn't been a deposition. . . ."

For the same reasons, and based upon Ibarra's counsel's clarification that Dr. Earle's affidavit and CV were presented only in response to Allstate's Motion to Exclude, and "for the purpose of this gatekeeping function, the *Daubert* function," Judge Farrer denied the Motion to Strike. Because Dr. Earle was designated as a testifying, treating physician, and Allstate failed to establish a basis to consider Dr. Earle an expert witness, and because these items were submitted solely in response to the *Daubert* Motion to Exclude, Judge Farrer did not find reason to exclude the affidavit and CV for this purpose.

### III. Analysis

#### A. Motion to Exclude

To begin, Allstate argues the Motion should be reviewed by this Court for abuse of discretion because Federal Rule 37(c)(1) requires this standard of review on orders regarding an expert's testimony admissibility and discovery violation. *See Black v Food Lion, Inc*., 171 F.3d 308, 314 (5th Cir. 1999)(en banc). Allstate argues Judge Farrer abused his discretion in denying its Motion to Exclude on two bases. First, Judge Farrer improperly based his ruling on the fact that Dr. Earle had not yet been deposed and because there was no expert report to formulate a ruling under *Daubert*. Second, Allstate argues Judge Farrer "ignores case law regarding the limits placed upon a treating physician's testimony under Rule 26(a)(2)(B)-(C) and the *Daubert* factors."

Upon reviewing the subject Motion to Exclude, the transcript of the hearing, Magistrate Judge Farrer's ruling and the basis for such, as well as Allstate's objections asserted in appeal of the ruling, the Court concludes Judge Farrer did not abuse his discretion under the abuse-of-discretion standard of review proposed by Allstate. Further, under the standard of review designated for non-dispositive motions, the Court concludes Judge Farrer did not commit clear error.

The transcript of the hearing reveals Judge Farrer based his ruling upon his factual finding Allstate did not establish sufficient basis in the record or provide sufficient reason for the Court to consider Dr. Earle to be an expert witness, rather than a testifying, retained treating physician as Ibarra designates. Judge Farrer did not abuse his discretion in reaching this conclusion, nor is this conclusion clearly erroneous or contrary to law. Based upon review of the entire evidence and the hearing transcript, this Court does not hold a definite and firm conviction that Judge Farrer committed a mistake.

Further, Allstate's second argument is still based upon the premise that Dr. Earle should be considered an expert witness. Because this Court finds Judge Farrer did not abuse his discretion or clearly err in concluding Allstate did not establish sufficient basis to construe Dr. Earle as an expert witness, this objection on appeal of Judge Farrer's ruling must fail.

### B. Motion to Strike

Allstate appeals Magistrate Judge Farrer's denial of its Motion to Strike, arguing Judge Farrer abused his discretion in concluding the affidavit and CV were presented only for the purpose of responding to the Motion to Exclude. Allstate contends Federal Rule 37(c)(1) requires that if a party fails to provide such information or identify a witness as required by Federal Rule 26(a) or (e), the party may not use such information or witness to supply evidence later. Allstate contends this reasoning "completely ignores the Court's Scheduling Order [Doc. 19] and applicable standard for striking a late-filed exhibit under Federal Rule of Civil Procedure 37(c)(1)."

This objection on appeal also hinges on the premise that the Court must consider Dr. Earle to be an expert witness, not a testifying, treating physician. Upon reviewing the subject Motion to Strike, the transcript of the hearing, Magistrate Judge Farrer's ruling and the basis for such, as well as Allstate's objections asserted in appeal of the ruling, the Court concludes Judge Farrer

7

did not abuse his discretion under the standard of review proposed by Allstate. Further, the Court concludes Judge Farrer did not commit clear error.

The transcript of the hearing reveals Judge Farrer based his ruling upon the factual finding that Ibarra attached Dr. Earle's affidavit and CV for the sole purpose of responding to Allstate's Motion to Exclude. Further, Allstate did not establish sufficient basis in the record or provide sufficient reason for the Court to consider Dr. Earle to be an expert witness, rather than a testifying, retained treating physician, as Ibarra designates. Judge Farrer did not abuse his discretion in reaching this conclusion, nor is this conclusion clearly erroneous or contrary to law. Based upon review of the entire evidence and the hearing transcript, this Court does not hold a definite and firm conviction that Judge Farrer committed a mistake.

### IV. Conclusion

For the foregoing reasons, the Court OVERRULES all objections asserted by Allstate in this appeal and AFFIRMS the Text Orders of Magistrate Judge Farrer denying Allstate's Motion to Exclude (*ECF No. 31*) and Motion to Strike (*ECF No. 35*).

It is so ORDERED.
SIGNED this 18th day of June, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE